IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:06CR3016 |
| vs. | |
| MARCO M. PRUNEDA, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Marco M. Pruneda's *pro se* Formal Request to File a 28 U.S.C. § 2255 Motion (filing 249). For the following reasons, Pruneda's request will be denied.

Following a jury trial before Senior District Judge Warren K. Urbom, Pruneda and his co-defendant were convicted of conspiracy to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(b)(1) and 846, and possession and use of a short-barreled shotgun in relation to drug trafficking in violation of 18 U.S.C. § 924(c). Pruneda was sentenced to a total of 280 months' imprisonment on both counts. Pruneda appealed, and on February 8, 2008, the United States Court of Appeals for the Eighth Circuit affirmed his conviction. Filing 148; *United States v. Pruneda*, 518 F.3d 597 (8th Cir. 2008).

The time to file a motion under § 2255 has long since expired. A § 2255 motion must be filed within 1 year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Eighth Circuit affirmed Pruneda's conviction on February 8, 2008. The deadline for Pruneda to file a petition for writ of certiorari was May 8, 2008. S. Ct. R. 13 & 29.2. Pruneda did not file a petition, so his conviction became final on May 8, 2008. Therefore, the 1-year period in this case expired on May 8, 2009. *United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003). In sum, any § 2255 motion is more than 3 years late.

The statute of limitations set forth in § 2255 is not jurisdictional, *Moore v. United States*, 173 F.3d 1131, 1134–35 (8th Cir. 1999), and may be equitably tolled where extraordinary circumstances beyond a prisoner's control prevent timely filing. *Martin*, 408 F.3d at 1093. Equitable tolling will

only apply where the petitioner has demonstrated diligence in pursuing the matter. *Id.* at 1095. Pruneda has not alleged extraordinary circumstances, nor has he demonstrated diligence in bringing his motion over 3 years after the limitations period expired.

Instead, Pruneda argues that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, violates the Suspension Clause of the U.S. Constitution. The Suspension Clause provides that "the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, Section 9, cl. 2. This argument has been made before, and has been rejected. *See, e.g.*, *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (AEDPA's 1-year limit does not violate Suspension Clause unless it would render the habeas remedy "inadequate or ineffective"); *Delaney v. Matesanz*, 264 F.3d 7, 12 (1st Cir. 2001); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Pruneda also implies that AEDPA violates his right to due process. But Pruneda does not explain how, or in what manner, his right to due process has been violated. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Schmidt v. Des Moines Public Schools*, 655 F.3d 811, 817–18 (8th Cir. 2011). Pruneda has identified no way in which the 1-year limitation period denied him this opportunity. Accordingly,

IT IS ORDERED:

1. The Formal Request to File a 28 U.S.C. § 2255 Motion (filing 249) filed by defendant Marco M. Pruneda is denied.

2. The Clerk is directed to mail a copy of this memorandum and order to the defendant at his last known address.

Dated this 25th day of June, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge